**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000468
01-NOV-2023
08:02 AM
Dkt. 20 ORD**

NO. CAAP-23-0000468

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KENNETH Y. KAI and TAE K. KAI,
TRUSTEES OF THE KAI FAMILY 1998 TRUST, Plaintiffs/
Counterclaim Defendants/Third-Party Defendants-Appellees, v.
HAWAIIAN RIVERBEND, LLC, Defendant/Counterclaimant/
Third-Party Complainant-Appellant, and
MICHAEL MIROYAN, Defendant-Appellant, and
COUNTY OF HAWAII, Defendant-Appellee, and
KENNETH Y. KAI and TAE K. KAI, as individuals,
Third-Party Defendants-Appellees, and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; and
DOE GOVERNMENTAL ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC15100164K)

ORDER
(By: Wadsworth, Presiding Judge, Nakasone and Guidry, JJ.)

Upon consideration of Plaintiffs-Appellees Kenneth Y. Kai and Tae K. Kai, Trustees of the Kai Family 1998 Trust's (**Kai Parties**) October 3, 2023 Motion to Dismiss the Appeal (**Motion**), the papers in support, and the record, it appears that self-represented Defendant-Appellant Michael Miroyan (**Miroyan**) appeals on behalf of himself and Defendant-Appellant Hawaiian Riverbend, LLC (**Hawaiian Riverbend**) from the "Order Granting Plaintiff's Motion for Confirmation of Foreclosure Sale, for Distribution of Proceeds, for Allowance of Fees and Costs, and for Writ of Possession, Filed January 31, 2023" (**Confirmation Order**) and the

"Final Judgment" (**Judgment**), both entered July 5, 2023, in the Circuit Court of the Third Circuit.

Kai Parties seek dismissal of the appeal for lack of jurisdiction, arguing that (1) Miroyan lacks authority to represent Hawaiian Riverbend, and therefore could not file a notice of appeal on its behalf, and (2) Miroyan lacks standing to appeal on his own behalf because he is not aggrieved by the Confirmation Order or Judgment.

Kai Parties rely, in part, on the analysis in a March 10, 2020 order entered in CAAP-19-0000742—a prior appeal from the same underlying case—in which this court determined that a notice of appeal signed and filed by Miroyan on behalf of himself and Hawaiian Riverbend "was not valid as to Hawaiian Riverbend" because non-attorneys may not represent entities. However, the Hawaiʻi Supreme Court subsequently decided <u>Alexander and Baldwin v. Armitage</u>, which rejected the view that the absence of an attorney, where required, is jurisdictional, and held that, "in light of our policy in favor of hearing cases on the merits wherever possible and our liberal construction of pro se filings," an appeal filed by a non-attorney on behalf of an entity should not be dismissed "without giving the [entity] a reasonable opportunity to obtain counsel." 151 Hawaiʻi 37, 51, 54, 508 P.3d 832, 46, 849 (2022) (citing <u>Erum v. Llego</u>, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020)). Accordingly, the notice of appeal is valid as to Hawaiian Riverbend; however, in accordance with <u>Alexander and Baldwin</u>, we will grant the request for dismissal of Hawaiian Riverbend as an appellant unless it obtains counsel within forty-five (45) days of this order.

Kai Parties contend Miroyan is not aggrieved by the Confirmation Order, and therefore, he lacks standing to appeal. However, the Judgment enters final judgment against "all Defendants," which includes Miroyan. Given further that standing is not an issue of subject matter jurisdiction, <u>Tax Found. of Hawaiʻi v. State</u>, 144 Hawaiʻi 175, 192, 439 P.3d 127, 144 (2019), and with deference to the court's policy of affording litigants

2

the opportunity to be heard on the merits whenever possible, Erum, 147 Hawaiʻi at 380, 465 P.3d at 827, we decline to dismiss Miroyan as a party to the appeal at this time.

Therefore, IT IS HEREBY ORDERED that the Motion is granted in part and denied in part as follows:

(1) The request for dismissal of the appeal as to Miroyan is denied without prejudice to the parties raising the issue of Miroyan's standing in the briefs; and

(2) The request for dismissal of the appeal as to Hawaiian Riverbend is granted, unless within 45 days of this order, Hawaiian Riverbend obtains counsel to represent it on appeal, and counsel files in this appeal a valid notice of appearance.

IT IS FURTHER ORDERED that the deadline to file an opening brief is extended to December 18, 2023.

DATED:  Honolulu, Hawaiʻi, November 1, 2023.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

3